IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TET SYSTEMS GMBH & CO. KG,

                             Plaintiff,

             v.

CHIMERIX, INC.; IMQUEST LIFE SCIENCES,
INC.; and IMQUEST BIOSCIENCES, INC.,

                           Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff TET Systems GMBH & Co. KG ("TET" or "Plaintiff"), by and through its undersigned attorneys, Gibbons P.C., as and for its Complaint against Chimerix, Inc. ("Chimerix"); ImQuest Life Sciences, Inc. ("ImQuest Life Sciences"); and ImQuest Biosciences, Inc. ("ImQuest Biosciences") (ImQuest Life Sciences and ImQuest Biosciences are collectively referred to herein as "ImQuest"), alleges as follows:

### OVERVIEW

1.     TET was founded by prominent academic researchers, two of whom invented and patented a system to modify cells for replicating viruses.

2.     Using the invention made by Professors Dr. Hermann Bujard and Dr. Manfred Gossen, higher cells and entire organisms can be used as hosts in assays, or screening tests, that control target gene expression via external stimuli.

3.     In particular, cell-based screening assays can be useful in discovering and profiling the activity of chemical compounds versus medically-relevant targets, including, for example, antiviral activity against the Hepatitis virus.

4.      TET's patented technology has proven to be so commercially valuable that academic institutions, pharmaceutical companies and other drug development companies worldwide, of varying sizes, license its use from TET.

5.      Indeed, 85% of the world's leading pharmaceutical companies license TET's patented technology, and its broad usage is demonstrated by more than 9,000 publications in peer-reviewed journals.

6.      Drs. Bujard and Gossen and the TET system have been recognized in numerous peer-reviewed scientific journals throughout the world.

7.      TET brings this action for patent infringement under 35 U.S.C. § 271 *et seq.*, as a result of Chimerix's and ImQuest's continued and willful unauthorized use of TET's patented technology.

## THE PARTIES

8.      TET is a corporation organized and existing under the laws of Germany, having its principal place of business at Im Neuenheimer Feld 582, 69120 Heidelberg, Germany.

9.      TET is the owner, by assignment, of all rights, title and interest in United States Patent No. 5,464,758, entitled "Tight Control of Gene Expression in Eucaryotic Cells by Tetracycline-Responsive Promoters" ("the '758 Patent," also referred to as the "TET System").

10.      Chimerix is a corporation organized and existing under the laws of Delaware, having its principal place of business at 2505 Meridian Parkway, Suite 340, Durham, North Carolina 27713.

11.      ImQuest Life Sciences is a corporation organized and existing under the laws of Nevada, having its principal place of business at 7340 Executive Way, Suite R, Frederick, Maryland 21704.

2

12.     Upon information and belief, ImQuest Life Sciences is the parent of ImQuest BioSciences.

13.     ImQuest Biosciences is a corporation organized and existing under the laws of Nevada, having its principal place of business at 7340 Executive Way, Suite R, Frederick, Maryland 21704.

14.     Upon information and belief, ImQuest Biosciences is a subsidiary of ImQuest Life Sciences, and shares an identical address, common directors and managers and the same facility with ImQuest Life Sciences.

15.     Upon information and belief, ImQuest Life Sciences conducts its operations through its subsidiary ImQuest BioSciences.

## JURISDICTION AND VENUE

16.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has personal jurisdiction over Chimerix by virtue of, *inter alia*, Chimerix being organized and existing under the laws of Delaware.

18.     Upon information and belief, ImQuest BioSciences acts under the direction, control and influence of ImQuest Life Sciences with respect to the acts and conduct alleged in this Complaint.

19.     ImQuest BioSciences' acts are attributable to ImQuest Life Sciences for jurisdictional purposes.

20.     Upon information and belief, ImQuest does business within Delaware.

21.     This Court has personal jurisdiction over ImQuest by virtue of, *inter alia*, ImQuest's actions with and conduct on behalf of Chimerix, as set forth herein.

22.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

### U.S. PATENT NO. 5,464,758

23.     The '758 Patent was duly and legally issued by the United States Patent and Trademark Office on November 7, 1995.  A copy of the '758 Patent is attached hereto as Exhibit 1.

24.     Claims of the '758 Patent cover, *inter alia*, a two component system consisting of hybrid polynucleotide molecules encoding a transactivator fusion protein and a transcription unit, which is responsive to the transactivator fusion protein.

25.     When these polynucleotide molecules encoding the fusion protein and the responsive transcription unit, respectively, are inserted into suitable vectors and transfected into a cell, they can provide accurate and reproducible control of expression of a gene of interest using tetracycline or a tetracycline analogue as the controlling effector molecule.

26.     This allows users to utilize that cell and its progeny to screen new drug compounds.

27.     The AD38 cell line is a cell line within the scope of the claims of the '758 Patent, as described in paragraphs 24-26 above.

28.     The AD38 cell line is also known as the HepAD38 cell line.

29.     Claims of the '758 Patent also cover, *inter alia*, a method of using the cell transfected with a vector containing the hybrid polynucleotide molecule in a tetracycline or a tetracycline analogue medium as a means of controlling gene expression.

30.     This enables users to determine the activity of compounds in the presence of stimuli, on the activity of viral proteins, required for replication and/or pathogenicity.

31.     Using the AD38 cell line is within the scope of the claims of the '758 Patent, as described in paragraphs 29 and 30 above.

32.     Claims of the '758 Patent further cover, *inter alia*, a kit that provides the novel reagents of the invention for convenient use by companies to set up an assay system useful to identify the activity of compounds to evaluate their potential use as drugs.

33.     The TET System has been recognized in the scientific literature as a broadly and successfully applied system for controlled gene expression in eukaryotes, i.e., organisms made up of cells that possess a membrane-bound nucleus containing genetic material.

34.     TET's novel technology allows users to control the activity of a target gene both *in vivo* and *in vitro*. The TET System has been applied in cultured cells, as well as in a wide spectrum of organisms, from animals and plants to various unicellular systems.

35.     The advantages of the TET System have provided scientists with new insights into complex biological processes of development, disease and behavior.

36.     One example involves cell lines in which the Hepatitis B viral ("HBV") genome was placed under the TET System control. This lead to the discovery of new antiviral compounds and also proved useful for testing antiviral drugs against Hepatitis viruses.

37.     TET has commercially embodied features claimed in the '758 patent.

## CHIMERIX'S AND IMQUEST'S INFRINGING ACTIVITIES

38.     Chimerix is a biopharmaceutical company that describes itself as "developing vitally important new antiviral medicines for the treatment of life-threatening diseases [and] advancing a portfolio of potent clinical- and research-stage therapeutics." *See* Chimerix website *at* http://www.chimerix.com/about.php.

39.     Chimerix is developing an antiviral compound, called CMX157, for the treatment of Hepatitis B infections.

40.     ImQuest BioSciences is a contract research organization that "aims to be the leading international provider of preclinical research and development services" for products for

the treatment and prevention of infectious diseases and cancer. *See* ImQuest BioSciences website *at* http://www.imquestbio.com.

41.     On or about August 1, 2011, Chimerix entered into a contract with ImQuest BioSciences ("the Contract") in which ImQuest BioSciences agreed to evaluate the antiviral efficacy and cellular toxicity of CMX157 in the AD38 cell line. A copy of the Contract is attached hereto as Exhibit 2.

42.     Upon information and belief, Chimerix directed ImQuest BioSciences to use the AD38 cell line to determine anti-HBV efficacy and cellular toxicity of CMX157.

43.     Upon information and belief, ImQuest BioSciences cultured AD38 cells and utilized these AD38 cells to test CMX157 pursuant to the Contract.

44.     ImQuest BioSciences' use of AD38 cells to test CMX157 took place in the United States, specifically in Frederick, Maryland.

45.     Neither Chimerix nor ImQuest BioSciences has a license to the '758 Patent.

46.     Each of paragraphs 42 to 44 above constitutes infringement of the '758 Patent.

47.     Upon information and belief, the above activities concerning the AD38 cell line were performed under the direction and control of Chimerix by ImQuest and with the unauthorized use of the TET System.

48.     Chimerix and ImQuest BioSciences continue to contract for the use of the TET System without compensating TET for its use.

49.     ImQuest also has entered into contracts with others ("the Other Contracts") in which ImQuest BioSciences agreed to evaluate the antiviral efficacy and cellular toxicity of other compounds in the AD38 cell line.

50.     Upon information and belief, ImQuest BioSciences used the AD38 cell line at the others' request to determine anti-HBV efficacy and cellular toxicity of other compounds.

51.     Upon information and belief, ImQuest BioSciences cultured AD38 cells and utilized these AD38 cells to test the other compounds pursuant to the Other Contracts.

52.     ImQuest BioSciences' use of AD38 cells to test these other compounds took place in the United States, specifically in Frederick, Maryland.

53.     Each of paragraphs 48 to 52 above constitutes infringement of the '758 Patent.

54.     Chimerix has been aware of the existence of the '758 Patent since at least 2009.

55.     ImQuest has been aware of the existence of the '758 Patent since at least July 2012.

## COUNT I:  DIRECT INFRINGEMENT UNDER 35 U.S.C. § 271(a)

56.     TET realleges paragraphs 1 to 55 as if fully set forth herein.

57.     In violation of 35 U.S.C. § 271(a), and as evidenced above, ImQuest has infringed and continues to infringe, literally or under the doctrine of equivalents, each of the elements of one or more claims of the '758 Patent, without license from TET, by making, selling, offering to sell and/or using the AD38 cells to screen CMX157 and other compounds.

58.     Upon information and belief, ImQuest's infringement has been knowing and willful.

59.     ImQuest's infringing activities will continue unless enjoined by this Court.

## COUNT II:  INDIRECT INFRINGEMENT UNDER 35 U.S.C. § 271(b)

60.     TET realleges paragraphs 1 to 59 as if fully set forth herein.

61.     Prior to this lawsuit, Chimerix had knowledge of the '758 Patent.

62.     In violation of 35 U.S.C. § 271(b), and as evidenced above, Chimerix has induced and continues to induce others to infringe, literally or under the doctrine of equivalents, each of

the elements of one or more claims of the '758 Patent, without license from TET, by among other things, contracting for the use of AD38 cells to screen CMX157.

63.     Chimerix knew, or should have known that contracting for the use of AD38 cells to screen CMX157 induced infringement of the '758 Patent.

64.     Upon information and belief, Chimerix's induced infringement has been knowing and willful.

## IMQUEST'S AND CHIMERIX'S HARM TO TET

65.     TET realleges paragraphs 1 to 64 as if fully set forth herein.

66.     As a direct and proximate cause of ImQuest's and Chimerix's infringing acts, TET has been injured and, unless such infringing acts are enjoined by this Court, will continue to be injured in its business and property rights, and has suffered and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

67.     As a direct and proximate cause of ImQuest's and Chimerix's infringing acts, ImQuest and Chimerix have caused and, unless such acts are enjoined by this Court, will continue to cause, irreparable harm to TET for which there is no adequate remedy at law, and for which TET is entitled to preliminary and permanent injunctive relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Court the following relief:

(a)     A judgment and decree that ImQuest has infringed one or more claims of the '758 Patent;

(b)     A judgment and decree that Chimerix has induced infringement of one or more claims of the '758 Patent;

(c)     An Order preliminarily and permanently restraining and enjoining ImQuest and Chimerix and their subsidiaries, and each of their officers, agents, servants and employees and

all others in concert or participation with them, from committing further acts of infringement under 35 U.S.C. § 271 of any one or more claims of the '758 Patent pursuant to 35 U.S.C. § 283;

(d)     An award of damages for ImQuest's and Chimerix's infringement, which should be trebled pursuant to 35 U.S.C. § 284;

(e)     That this case be declared "exceptional" and award TET its reasonable attorney fees, expenses, and costs in this action pursuant to 35 U.S.C. § 285; and

(f)     Such other and further relief as the Court may deem just and proper.

Dated:  October 25, 2012                    Respectfully submitted,


                                            */s/ Christopher Viceconte*
                                            Christopher Viceconte (No. 5568)
                                            GIBBONS P.C.
                                            1000 N. West Street, Suite 1200
                                            Wilmington, DE 19801-1058
                                            Phone:  302-295-4875
                                            Fax:  302-295-4876

                                            David E. De Lorenzi *pro hac vice to be filed*
                                            Charles A. Gaglia *pro hac vice to be filed*
                                            Ralph A. Dengler *pro hac vice to be filed*
                                            GIBBONS P.C.
                                            One Gateway Center
                                            Newark, NJ 07102
                                            Phone:  973-596-4500
                                            Fax:  973-596-0545

                                            *Attorneys for Plaintiff*
                                            *TET Systems GMBH & Co. KG*

## JURY DEMAND

TET hereby demands a jury on all issues so triable in this action.

/s/ Christopher Viceconte
Christopher Viceconte (No. 5568)
GIBBONS P.C.
1000 N. West Street, Suite 1200
Wilmington, DE 19801-1058
Phone:  302-295-4875
Fax:  302-295-4876

David E. De Lorenzi *pro hac vice to be filed*
Charles A. Gaglia *pro hac vice to be filed*
Ralph A. Dengler *pro hac vice to be filed*
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
Phone:  973-596-4500
Fax:  973-596-0545

*Attorneys for Plaintiff*
*TET Systems GMBH & Co. KG*

Dated:  October 25, 2012